# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-635V
Filed: April 20, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MAXINE WARD, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Traci Patton*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination on September 1, 2015. On November 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 21).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 6, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26). Petitioner requests attorneys' fees in the amount of $26,467.50 and attorneys' costs in the amount of $3,721.68 for a total amount of $30,189.18. *Id.* at 10. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $6.85 in out-of-pocket expenses.

On February 24, 2017, respondent filed a response to petitioner's motion. (ECF No. 27). In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application, with the exception of the hourly rates billed for attorney travel time and for work performed by paralegals in 2016 and 2017. The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours. However, consistent with *Henry, supra*, the undersigned reduces the award to reflect rate reductions for travel time and for 2016 and 2017 paralegal rates.

Mr. Cochran billed a total of 11.8 hours for travel at a rate of $355 per hour. (ECF No. 26-2 at 10-11). Notwithstanding the fact that Mr. Cochran was noted to be working for a portion of the claimed hours, consistent with this Court's practice,[3] the

---

[3] The Court recognizes that the Black McLaren firm, and Mr. Webb, consistently request full compensation for travel, however this is not the Court's practice. *See, e.g., Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). *See, e.g., J.L.D. v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017), *reconsideration denied sub nom. J.L.D. by Davis v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 908580 (Fed. Cl. Feb. 8, 2017) ("Upon further review of the billing records, I noted that Mr. Webb billed a total of 19.6 hours of travel time in 2015. ECF No. 34–2 at 6–7. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine

undersigned reduces the hourly rate for these hours by 50%.  *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  The discount in fees for Mr. Cochran's travel time results in a reduction of $2,094.50.

Additionally, there was 43.7 hours of paralegal time billed at a rate of $150 per hour, amounting to billing of $6,555.  (ECF No. 26-2, p. 16)  Reducing the hourly rate to $145 for all these hours reduces the total amount to $6,336.50, a reduction of $218.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $26,467.50 |
| Less 50% rate reduction for 17 travel hours: | -$2,094.50 |
| Less 2016 paralegal rate reduction: | -$218.50 |
| Adjusted total: | $24,154.50 |
| | |
| Requested costs: | +$3,721.68 |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$27,876.18** |
| | |
| Requested Petitioner's Litigation Expenses | +$6.85 |
| | |
| **Total Attorneys' Fees, Costs, and Petitioner's Expenses:** | **$27,883.03** |

---

Program."); *May v. Sec'y of Health & Human Servs.,* No. 12-712V, 2016 WL 7664474, at *4 (Fed. Cl. Dec. 15, 2016) ("Upon further review of the billing records, I noted that Mr. Webb billed 8 hours for travel time on November 29, 2012 and 8 hours for travel time on November 30, 2012. ECF No. 70–2 at 6. While an attorney may bill for work performed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *Rowden v. Sec'y of Health & Human Servs.,* No. 14-400V, 2016 WL 7785616, at *4 (Fed. Cl. Dec. 22, 2016); *Kinder v. Sec'y of Health & Human Servs.,* No. 15-1212V, 2016 WL 7666537, at *2 (Fed. Cl. Dec. 15, 2016); *Morgan v. Sec'y of Health & Human Servs.,* No. 15-0239V, 2016 WL 8457049, at *2 (Fed. Cl. Nov. 23, 2016); *Buser v. Sec'y of Health and Human Servs.,* No. 16-0166V, 2016 WL 8416477, at *2 (Fed. Cl. Nov. 22, 2016); *Dayton v. Sec'y of Health & Human Servs.,* No. 15-0589V, 2016 WL 8377512, at *2 (Fed. Cl. Nov. 17, 2016); *Kreisle v. Sec'y of Health & Human Servs.,* No. 15-984V, 2016 WL 8376886, at *2 (Fed. Cl. Nov. 8, 2016); *Henry v. Sec'y of Health & Human Servs.,* No. 15-545V, 2016 WL 7189925, at *11 (Fed. Cl. Nov. 4, 2016); *Klein v. Sec'y of Health & Human Servs.,* No. 15-1054V, 2016 WL 8346098, at *1 (Fed. Cl. Nov. 4, 2016); *E.T. v. Sec'y of Health & Human Servs.,* No. 15-181V, 2016 WL 7188686 (Fed. Cl. Oct. 27, 2016); *Watkins v. Sec'y of Health & Human Servs.,* No. 15-150V, 2016 WL 7188685, at *1 (Fed. Cl. Oct. 26, 2016).

**Accordingly, the undersigned awards the total of $27,883.03[4] as follows:**

- **A lump sum of $27,876.18, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, William E. Cochran, Jr.; and**

- **A lump sum of $6.85, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.